UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEVEN CATALANO

v.  Case No.: 8:08-cv-871-T-24-TGW
    8:04-cr-348-T-24-TGW

UNITED STATES OF AMERICA

_____/

## ORDER

This cause comes before the Court on Petitioner Steven Catalano's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. (Doc. No. Cv. 1 & Cr. 836)

### Procedural Background

On June 29, 2005, Petitioner was charged in a Superseding Indictment with Conspiracy to commit racketeering. (Doc. No. Cr 231).  Petitioner, along with co-defendants, pled not guilty and proceeded to trial. On November 27, 2006, the jury returned a verdict of guilty.  On March 2, 2007, he was sentenced to 192 months imprisonment. (Doc. No. Cr 698). At trial and on appeal, Steven Catalano was represented by a court appointed attorney, Thomas Ostrander.  On March 8, 2007, Petitioner appealed, and on June 27, 2008, the Eleventh Circuit affirmed his conviction and sentence.  (Doc. No. Cr 709, 840).  On May 7, 2008, Petitioner filed the instant motion. It is timely.

### Motion to Vacate Sentence

In this motion, Petitioner asserts four grounds for relief, all of which are based on alleged ineffective assistance of counsel.  In ground one, Petitioner claims his counsel's performance was deficient due to an ongoing conflict of interest.  In ground two, Petitioner claims counsel was ineffective at sentencing because he failed to make objections to "sentencing enhancements and other errors committed by the government."  In ground three, Petitioner claims counsel

presented no meaningful defense at trial. In ground four, Petitioner claims both the Court and his counsel were at fault for failing to give anything but the standard form of instructions.

**Ineffective Assistance of Counsel**

In Strickland v. Washington, 466 U.S. 668, 687 (1984), the Supreme Court created a two-part test for determining whether a defendant received ineffective assistance of counsel. First, a defendant must demonstrate that his attorney's performance was deficient, which requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." Id. Second, a defendant must demonstrate that the defective performance prejudiced the defense to such a degree that the results of the trial cannot be trusted. Id. The defendant must establish both prongs, and if he makes an insufficient showing as to one, the Court need not address the other prong in order to find that counsel was not ineffective. Id. at 697. In particular, a Court does not need to determine whether counsel's performance was deficient before examining prejudice suffered as a result of the alleged deficiencies.

In order to succeed on an ineffective assistance of counsel claim, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." Id. at 688. Judicial scrutiny of counsel performance must be highly deferential because it is tempting for a defendant to second-guess counsel's assistance after a conviction and adverse sentence. The reasonableness of an attorney's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances. Id. at 690. The movant carries a heavy burden, as reviewing courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. at 689.

Simply showing that counsel erred or his performance was deficient is not sufficient Id. at 691. Instead, the defects in counsel's performance must be prejudicial to the defense. Id.

at 692.  Therefore, under the second prong, a movant must establish that there is a reasonable probability that the results would have been different but for counsel's deficient performance. Id. at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

**Discussion**

In addition to his motion, Petitioner filed a document entitled "Additional Statements of Facts Pursuant to §2255 for Relief."  The document, which is unsigned, contains what appears to be additional complaints about how his attorney, Thomas Ostrander, handled Petitioner's case. There are numerous exhibits to the Additional Statement of Facts, which include the following: an excerpt of Transcript of Trial Proceedings (Exhibit A), Attorney Thomas Ostrander's response to Catalano's notice of conflict, motion to discharge attorney filed in the Eleventh Circuit Court of Appeals (Exhibit B), Excerpt of Transcript of trial proceedings (Exhibit C), Excerpt of Transcript of trial proceedings (Exhibit D), Letter from Probation Officer Beth Glover (Exhibit E), the Government's Objections to the Pre-sentence Report (Exhibit F), Notes of Interview with Kevin Bonner (Exhibit G), Excerpt of Testimony of Kevin Bonner before the Grand Jury (Exhibit H), Excerpt of Catalano's Initial Brief in the Eleventh Circuit (Exhibit I), Probation Officer Beth Glover's letter to Mr. Cimock, unit manager at Coleman (Exhibit J), Catalano's Authorization to Release (Exhibit K), Catalano's Notice of Conflict and Motion to discharge attorney filed in the Eleventh Circuit (Exhibit L), Notice of non-response from Steven Catalano (Exhibit M), Motion for Transcript at Government's Expense (Exhibit N), Excerpt of Transcript of Trial Proceedings (Exhibit O), Request for Case File from Steven Catalano (Exhibit P), Cover letter from Ostrander regarding filing of Appellant's Brief  (Exhibit Q), Excerpt of Transcript of Appellant's Brief (Exhibit R), and Letter from Thomas Ostrander to Steve Catalano dated November 19, 2007 (Exhibit S).

Although the Court has read the Additional Statement of Facts and each of the attached exhibits, the Court will confine its discussion to the grounds set out in Petitioner's Motion and

consider the attached additional facts and exhibits as they might pertain to the grounds set out in the motion rather than consider the facts as additional grounds for relief.

      A.      <u>Ground One: Ineffective Assistance of Counsel Due to Existing Conflict of Interest During Critical Stages of the Proceedings</u>

Petitioner argues that his counsel's performance was deficient due to an ongoing conflict of interest between himself and his counsel. While Petitioner does not explain the conflict of interest, the Court construes this argument as being that Petitioner disagreed with his counsel's handling of this case both at the trial and appellate levels. Petitioner filed motions to discharge his attorney based on the fact that Counsel was not filing motions or raising arguments or asking questions or pursuing defenses that Catalano believed appropriate. However, the fact that Petitioner was unhappy with his counsel's performance or would have preferred his counsel to do things differently (such as filing additional motions, raising additional issues, or making additional objections), is not, without more, a sufficient showing of ineffectiveness. This is because "counsel cannot be adjudged incompetent for performing in a particular way in a case, as long as the approach taken might be considered sound trial strategy." <u>Cuthbert v. U.S.</u>, 2008 WL 4633529, at *1 (11th Cir. Oct. 21, 2008). There is no doubt that Catalano was dissatisfied with his court appointed counsel much of the time. However dissatisfaction is not enough. Petitioner has not shown that his counsel's performance fell below an objective standard of reasonableness or that his approach could not be considered sound trial strategy. In addition, Petitioner has never addressed specifically how he was prejudiced by any of the things Ostrander did or failed to do. As such, the Court finds that Petitioner has not met his burden of showing ineffective assistance of counsel under Ground One.

      B.      <u>Ground Two: Ineffective Assistance of Counsel During Sentencing Phase</u>

Next, Petitioner argues that his counsel's performance was deficient because his counsel was ineffective during sentencing. Specifically, he argues that his counsel failed to make

objections to sentencing enhancements and other errors committed by the Government in the preparation of Petitioner's pre-sentence investigation report. His argument has no merit.

While it is true that his counsel did not make any objections to the guideline calculations by the Probation Officer, it is not ineffective to fail to make objections when there are no legally correct objections available to be made under the facts of the case. Furthermore, Petitioner incorrectly argues that his counsel failed to bring any 18 U.S.C. § 3553(a) factors to the Court's attention when, in fact, his counsel brought to the Court's attention that Petitioner was raised in a tough neighborhood in Queens, he worked hard all his life, did good works in the community, and was a good family man. Additionally, the Court heard from Petitioner's mother, his stepfather, his wife, and his pastor.

The Court also notes that the Government asked that Petitioner be sentenced at the top of the guideline range. However, after hearing from Petitioner's counsel and witnesses, the Court sentenced Petitioner in the middle of the guideline range. Accordingly, the Court finds that Petitioner has not met his burden of showing ineffective assistance of counsel at sentencing. In addition Petitioner has not shown he was prejudiced by counsel's performance at sentencing. As such, the Court finds that Petitioner has not met his burden of showing ineffective assistance of counsel under Ground Two.

      C.      Ground Three: Ineffective Assistance of Counsel During Trial

Petitioner argues that his counsel's performance was deficient at trial for numerous reasons: counsel failed to file pre-trial motions, failed to interview witnesses, failed to effectively cross examine witnesses and presented no meaningful defense at trial . Petitioner argues that his counsel failed to have witnesses interviewed by a private investigator and used stall tactics when asked by Petitioner to file certain motions. Again, these arguments have no merit.

Petitioner believes that his counsel should have had a private detective interview certain witnesses. He further states that if such witnesses were unable to attend trial, the detective could have then testified on their behalf. However, Petitioner has not shown that a private investigator

could have uncovered any evidence that was not uncovered, and as such, Petitioner fails to show that he was prejudiced. Furthermore, the investigator could not testify on behalf of witnesses, as such testimony would be inadmissable hearsay.

Petitioner also believes that his counsel was ineffective for failing to file a motion to depose a Government witness. However, this failure does not constitute ineffective assistance, because the Court would not have permitted him to depose the Government witness and would have denied the motion. See U.S. v. Thomas, 62 F.3d 1332, 1340 (11th Cir. 1995)(noting that Federal Rule of Criminal Procedure 15(a) only allows depositions when there are exceptional circumstances).

Finally, Petitioner argues that his counsel failed to ask questions, raise issues, or make objections during the trial that Petitioner thought should have been made. As previously stated, counsel cannot be adjudged incompetent for performing in a particular way in a case, as long as the approach taken might be considered sound trial strategy. Again, the Court finds that Petitioner has not shown that his counsel's performance fell below an objective standard of reasonableness or that his approach could not be considered sound trial strategy. Accordingly, the Court finds that Petitioner has not met his burden of showing ineffective assistance of counsel under Ground Three.

D. Ground Four: Ineffective Assistance of Counsel for Failing to Offer Proper Jury Instructions

Next, Petitioner argues that his counsel's performance was deficient because his counsel failed to bring to the Court's attention the Court's error relating to the jury instructions. Specifically, Petitioner argues that the Court erred by failing to issue any jury instructions other than the pattern Eleventh Circuit jury instructions, and his counsel was ineffective for failing to point this out. Additionally, Petitioner argues that the Court should have informed the jury of the alternative of finding him guilty of a lesser offense. These arguments have no merit.

In his statement of additional facts, Petitioner makes a reference to the Government's statement to the jury during closing arguments that defense counsel failed to read them the full jury instruction in his closing argument. The Court is unsure how Petitioner is prejudiced by this. Defense counsel was referring the jurors to a portion of the jury instruction in order to highlight that specific portion of the instruction. Defense counsel's failure to read the entire instruction to the jury or the Government's pointing it out is of no consequence, as the jurors were given copies of the jury instructions in their entirety.

Also, to the extent that Petitioner argues that the Court should have informed the jury of the alternative of finding him guilty of a lesser offense, Petitioner fails to identify what the lesser offense would be or what instruction Petitioner feels should have been added to the standard set of instructions  As such, the Court finds that Petitioner has not met his burden of showing ineffective assistance of counsel under Ground Four.

## Conclusion

Having considered each of the grounds raised in Petitioner's Motion to Vacate, Set Aside or Correct Sentence, along with the Additional Statement of Facts, this Court finds that Petitioner, Steven Catalano has not shown that Counsel Thomas Ostrander's performance was deficient nor that he was prejudiced by counsel's performance. Accordingly, it is ORDERED AND ADJUDGED that Petitioner's motion filed pursuant to 18 U.S.C. §2255 is **DENIED**. The Clerk is directed to enter judgment against Defendant and to close the civil case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHERED ORDERED that Petitioner is not entitled to a certificate of appealability.  A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). Id.  "A [COA] may issue . . . only if the applicant

has made a substantial showing of the denial of a constitutional right." <u>Id.</u> at § 2253(c)(2).  To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004) (quoting <u>Slack v. McDaniel</u> 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n. 4 (1983)).  Petitioner has not made the requisite showing in these circumstances.  Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal <u>in</u> <u>forma</u> <u>pauperis</u>.

      **DONE AND ORDERED** at Tampa, Florida, this 16th day of December, 2008.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Steven Catalano
Counsel of Record