UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

-vs-                                                Case No. 8:04-cr-348-T-24 TGW

STEVEN CATALANO

_____/

# ORDER

This cause comes before the Court on Defendant Catalano's Rule 36 Motion to Correct Clerical Error. (Doc. No. 869). As explained below, the motion is denied.

Federal Rule of Criminal Procedure 36 provides that the Court may "correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Defendant Catalano argues that a clerical error was made when calculating his criminal history points, as he received one point each for two petty misdemeanor offenses of battery. Specifically, he argues that those two offenses should not have been included in his criminal history calculation, because he contends that under Amendment 709 to the United States Sentencing Guidelines, probation for petty misdemeanor offenses is only counted if the probation is for *more than one year*. Therefore, he argues, since he was only sentenced to twelve months probation for each of the battery offenses, those offenses should not have been counted in his criminal history calculation.

Defendant Catalano's argument has no merit for two reasons: First, Amendment 709 does not apply to Defendant Catalano, because he was sentenced on March 2, 2007, and Amendment 709 did not become effective until November 1, 2007. Furthermore, Amendment 709 is not retroactively applied. See U.S. v. Tannehill, 2009 WL 2971083, at *1 (11th Cir. Sept. 17, 2009)(pointing out that "Amendment 709 is not included in the list of retroactive Guideline amendments set forth in U.S.S.G. § 1B1.10(c)").

Second, even if Amendment 709 could be retroactively applied, the section he relies on–section 4A1.2(c)(1)(A)–does not apply to his situation. Section 4A1.2(c)(1)(A) of the United States Sentencing Guidelines provides, in part, that sentences for thirteen enumerated "prior offenses and offenses similar to them, by whatever name they are known, are counted [in a defendant's criminal history] only if . . . the sentence was a term of probation of more than one year." Battery is not one of the thirteen enumerated offenses, nor is battery a similar offense.[1] As such, Defendant Catalano's reliance on this section is misplaced.

Accordingly, there was no clerical error in the calculation of Defendant Catalano's criminal history points. Therefore, it is ORDERED AND ADJUDGED that the motion is **DENIED.**

**DONE AND ORDERED** at Tampa, Florida, this 2nd day of December, 2009.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record

---

[1] The thirteen enumerated prior offenses set forth in Section 4A1.2(c)(1)(A) are the following: (1) careless or reckless driving, (2) contempt of court, (3) disorderly conduct or disturbing the peace, (4) driving without a license or with a revoked or suspended license, (5) false information to a police officer, (6) gambling, (7) hindering or failure to obey a police officer, (8) insufficient funds check, (9) leaving the scene of an accident, (10) non-support, (11) prostitution, (12) resisting arrest, and (13) trespassing.