UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

-vs-                                                              Case No.  8:04-cr-348-T-24 TGW
                                                                              8:08-cv-871-T-24TGW

STEVEN CATALANO

_____/

## ORDER

This cause comes before the Court on Defendant Catalano's Motion to Recuse Judicial Officer Susan Bucklew.  (CR Doc. No. 917, 918; CV Doc. No. 11, 12).  For the reasons stated below, the motion is denied.

**I.  Background**

On June 29, 2005, Defendant was charged in a Superseding Indictment with Conspiracy to commit racketeering. (CR Doc. No. 231). Defendant, along with co-defendants, pled not guilty

and proceeded to trial.  On November 27, 2006, the jury returned a verdict of guilty.  (CR Doc. No. 622).  On March 2, 2007, Defendant was sentenced to 192 months imprisonment. (CR Doc. No. 698).

On March 8, 2007, Defendant appealed, and on June 27, 2008, the Eleventh Circuit affirmed his conviction and sentence.  (CR Doc. No. 709, 840).  On May 7, 2008, Defendant filed a § 2255 motion, which this Court denied on December 16, 2008.  (CR Doc. No. 836, 849).  In January and February of 2010, Defendant filed three motions for re-sentencing, which this Court denied.  (CR Doc. No. 880, 881, 883, 884, 885).  Thereafter, in February of 2010, Defendant appealed the denial of the motions by filing two Notices of Appeal.  (CR Doc. No. 886, 887).  Defendant voluntarily dismissed one of the appeals, and the Eleventh Circuit deemed the other appeal to be frivolous.  (CR Doc. No. 903, 906).

In August of 2010, Defendant filed the instant motion for recusal of the undersigned. Other than the instant motion, there are no other motions or proceedings involving Defendant that are currently pending before the undersigned.

## II. Motion for Recusal

In the instant motion, Defendant moves for recusal, arguing that the undersigned harbors extreme personal bias and prejudice against him, his race,[1] and the type of crime for which he was convicted. In support of this allegation, Defendant cites various acts that he believes shows that recusal is warranted, most of which involve the undersigned denying his requests or issuing orders that he disagrees with.

Defendant cites two statutory bases for recusal–28 U.S.C. § 144 and 28 U.S.C. § 455(b)(1). As explained below, neither basis mandates recusal.

### A. Recusal Under § 144

Recusal under 28 U.S.C. § 144 is mandated "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." However, in order for the alleged bias or prejudice to be disqualifying under § 144, it must come from an extrajudicial source. See Liteky v. U.S., 510 U.S. 540, 544 (1994)(citation omitted).

In Liteky, the Supreme Court discussed the types of bias and prejudices that warrant recusal:

> [Not all bias and prejudice warrants recusal. Instead, recusal is warranted only when the bias or prejudice] is somehow *wrongful* or *inappropriate,* either because it is undeserved, or because it rests upon knowledge that the [judge] ought not to possess . . . or because it is excessive in degree . . . .
>
> \*     \*     \*

---

[1] As far as the undersigned is aware, Defendant, like the undersigned, is Caucasian. Therefore, it is unclear why Defendant believes that the undersigned is biased against his race.

>[Thus, a] judge who presides at a trial may, upon completion of the evidence, be exceedingly ill disposed towards the defendant, who has been shown to be a thoroughly reprehensible person. But the judge is not thereby recusable for bias or prejudice, since his knowledge and the opinion it produced were properly and necessarily acquired in the course of the proceedings, and are indeed sometimes (as in a bench trial) necessary to completion of the judge's task.
>
>\*     \*     \*
>
>[Thus,] opinions held by judges as a result of what they learned in earlier proceedings [do not normally provide a basis for recusal]. It has long been regarded as normal and proper for a judge to sit in the same case upon its remand, and to sit in successive trials involving the same defendant.
>
>\*     \*     \*
>
>[However, a] favorable or unfavorable predisposition can . . . [be characterized as wrongful or inappropriate] even though it springs from the facts adduced or the events occurring at trial, [if the predisposition] . . . is so extreme as to display clear inability to render fair judgment.

Id. at 550-51.

The Liteky court when on to state:

>[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves ( *i.e.,* apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required (as discussed below) when no extrajudicial source is involved.  Almost invariably, they are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.  Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.  They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible. . . . *Not* establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display.

Id. at 555 (internal citations omitted).

"To warrant recusal under § 144, the movant must allege facts that would convince a reasonable person that bias actually exists." U.S. v. Spuza, 194 Fed. Appx. 671, 676 (11th Cir.

2006)(citation omitted). After considering the allegations of bias and prejudice set forth in the motion and accompanying affidavit, the Court finds that they would not convince a reasonable person that bias or prejudice actually exists. Most of the allegations involve the undersigned denying Defendant's requests or issuing orders that Defendant disagrees with, which is not a sufficient basis to mandate recusal. See id. at 677 (citations omitted); Johnson v. Monaco, 350 Fed. Appx. 324, 327 (11th Cir. 2009)(noting that adverse rulings alone are not sufficient to demonstrate a court's impartiality absent a showing of pervasive bias)(citations omitted). Furthermore, Defendant's allegation that the undersigned is biased against the type of crime for which he was convicted is not sufficient to warrant recusal, because he has not shown that the alleged bias was so pervasive as to demonstrate a clear inability to render a fair judgment. See U.S. v. Singletary, 196 Fed. Appx. 819, 821 (11th Cir. 2006)(stating that a general bias against a type of crime does not require recusal). Accordingly, the Court finds that recusal under § 144 is not warranted.

### B. Recusal Under § 455(b)(1)

Likewise, recusal under 28 U.S.C. § 455(b)(1) is not warranted. Recusal under § 455(b)(1) is mandated whenever a federal judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." Thus, § 455(b)(1) duplicates the grounds for recusal set forth in § 144, but it makes the grounds applicable to all federal judges and places the obligation to identify the existence of those grounds upon the judge herself. See Liteky, 510 U.S. at 548. Furthermore, similar to § 144, the standard for recusal under § 455(b)(1) "is whether an objective, fully informed lay observer would entertain significant doubt about the judge's impartiality." Christo v. Padgett, 223 F.3d 1324, 1333 (11th Cir. 2000)(citation omitted). Therefore, for the same reasons that the Court found that § 144 did not mandate recusal, this Court finds that § 455(b)(1) does not mandate recusal.

### III.  Conclusion

As explained above, neither statutory basis mandates recusal.  Furthermore, there is not a motion or proceeding involving Defendant currently pending before this Court, and as such, there is no reason for recusal.  Accordingly, it is ORDERED AND ADJUDGED that Defendant Catalano's Motion to Recuse Judicial Officer Susan Bucklew.  (CR Doc. No. 917; CV Doc. No. 11) is **DENIED.**

**DONE AND ORDERED** at Tampa, Florida, this 26th day of August, 2010.

SUSAN C. BUCKLEW
United States District Judge

Copies to:

All Parties & Counsel of Record